[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 12-15519, 12-15540
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00046-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARITY M. HOLLOWAY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(October 16, 2013)

Before HULL, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Charity Holloway appeals her sentence of 135 months of imprisonment,

which was imposed above the applicable guideline range of 97 to 121 months of

imprisonment, after she pled guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). We affirm.

## I.

The undisputed facts in the presentence investigation report ("PSI") provided that Holloway's criminal conduct was revealed during an investigation of Steven Demink who, using an alias, had numerous online relationships with women. Investigators determined that Demink had chatted online with Holloway in 2009, and Demink had convinced Holloway to send him sexually explicit photographs of herself and two minors. Investigators discovered numerous pornographic images of minors (defined as visible genitals), which were attributable to Holloway, on Demink's computer. The minors involved in the images were Holloway's daughter ("C") and the daughter's friend ("T"), both of whom were fourteen years old at the time. According to the PSI, the images "included the minors touching each other, masturbating themselves, posing in sexually suggestive manners and using toys in a sexual manner." The PSI also stated that several of the images of the minors depicted them drinking alcohol and smoking while nude.

At sentencing, Holloway requested the district court to vary from her applicable guideline range of 97 to 121 months of imprisonment and impose a sentence of 60 months of imprisonment. She argued that, although she accepted

2

responsibility for her actions with respect to the offense, she was manipulated by Demink to take the photographs of C and T.

The district court stated it had considered the 18 U.S.C. § 3553(a) factors and had reviewed the transcripts of the chats between Demink, Holloway, and C. The court observed the chat transcripts supported the argument that Demink manipulated Holloway, but the chat transcripts also revealed that Holloway knew exactly what she was doing and knew that what she was doing was wrong. The court stated it was apparent from the chat transcripts that the victims were expressing to Holloway "their clear pain over what was going on" and they knew "what was going on was wrong." The court observed how Holloway made it clear in her chats with Demink that she would continue to attempt to obtain nude photographs of the minors for Demink even after the victims had made it clear "in no uncertain terms that they do not want to participate in this, that they're horrified by this." The court determined an upward variance from the applicable guideline range of 97 to 121 months of imprisonment was appropriate in the case and imposed a sentence of 135 months of imprisonment.

## II.

On appeal, Holloway argues that her 135-month sentence is substantively unreasonable because it rests on factors that are fully accounted for by the statute under which she was convicted and the Guidelines. According to Holloway,

although the district court believed that the nature and circumstances of the case demanded an extraordinary sentence, the district court failed to distinguish Holloway's case from any other "run of the mine child pornography distribution offense." Holloway argues the district court's view that her offense was despicable was already accounted for in the child pornography guidelines, as there is no evidence that her conduct was more despicable than those cases contemplated by Congress and the Sentencing Commission in crafting those guidelines.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). A district court's sentence need not be the most appropriate one, but rather need only be a reasonable one. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). The party challenging the sentence has the burden of establishing that the sentence was unreasonable based on the record and the factors set forth in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We review a sentence's substantive reasonableness by examining the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzales*, 550 F.3d 1319, 1323-24 (11th Cir. 2008). The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2),

4

including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). We do not substitute our own judgment for that of the district court in weighing the relevant sentencing factors absent a clear error of judgment. *See United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012).

Here, Holloway's sentence of 135 months of imprisonment was imposed above the applicable guideline range of 97 to 121 months of imprisonment, but was well below the applicable statutory maximum of 20 years of imprisonment, which is one indicator of a reasonable sentence. *See Gonzales*, 550 F.3d at 1324 (providing that a sentence imposed well below the statutory maximum is one indicator of a reasonable sentence). Section 2G2.2 of the Sentencing Guidelines is the applicable offense guideline for an offense like Holloway's, involving the possession or distribution of child pornography, but the guideline does not account

for relevant conduct involving the production of child pornography.[1]  *See U.S.S.G. § 2G2.2.*  Thus, Holloway's guideline range did not take into account all of her relevant conduct, which included the production of the images she sent to Demink.  *See U.S.S.G. § 1B1.3.*  The district court's discussion of Holloway's knowledge of her actions was made in response to her argument that Demink manipulated her to take the photographs of the minors, and illustrated exactly why the case was not a "run of the mine child pornography distribution offense."   As the chat transcripts indicate, and the district court observed, Holloway directly harmed C and T by taking numerous nude photographs of them, despite the minors clearly indicating that they did not want such photographs of them taken.  *See United States v. McGarity*, 669 F.3d 1218, 1264 (11th Cir.) (providing that the harm to the victim of child pornography cannot be overstated and that sexually exploited children are unable to develop healthy affectionate relationships later in life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults), *cert. denied*, 133 S. Ct. 378 (2012).  The district court's discussion as to Holloway's knowing conduct illustrates the seriousness of the offense, which was not simple possession or distribution, but extended to the production of the images.

---

[1]  Section 2G2.1 of the Sentencing Guidelines applies to offenses involving the production of sexually explicit visual or printed material and provides that the applicable base offense level for such offenses is 32.  *See U.S.S.G. § 2G2.1(a).*  The guideline also provides that a defendant's base offense level should be increased where the minor was not yet sixteen, where the defendant was a parent of the minor, and where the offense involved distribution.  *See U.S.S.G. § 2G2.1(b)(1), (b)(3), (b)(5).*

We do not substitute our judgment for that of the district court in weighing the relevant sentencing factors absent a clear error of judgment. *See Early*, 686 F.3d at 1223. Holloway has not shown that the district court committed a clear error of judgment in weighing the § 3553(a) factors, in light of the facts underlying the offense, which showed that her conduct was more serious than the other offenses to which § 2G2.2 applies and caused direct harm to the victims. *See id.* Thus, the district court imposed a reasonable sentence and did not abuse its discretion in sentencing Holloway.

**AFFIRMED.**